IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

BAC HOME LOANS SERVICING L.P.,

                                                            OPINION AND ORDER

                        Plaintiff,

        v.                                                  10-cv-10-slc

DAWN R. MARTINSON, et al.,

                        Defendants.
_____

        This is a civil action in which plaintiff BAC Home Loans Servicing L.P. alleges that

defendant Dawn Martinson failed to comply with the terms of her mortgage note on a property

in Superior, Wisconsin, by failing to make required payments.[1]  Before the court is plaintiff's

motion to remand this case to state court.  Plaintiff asserts that defendants' notice of removal

was marred by procedural errors and that diversity jurisdiction does not lie because none of the

defendants are citizens of Wisconsin.  However, by failing to file its motion to remand within

the 30 days permitted for the filing of such motions under 28 U.S.C. §1447(c), plaintiff forfeited

its right to object to these alleged defects.  Accordingly, plaintiff's motion will be denied.

        That said, this court has an independent obligation to satisfy itself that it has jurisdiction

in any given case, and I am not so satisfied.  In particular, defendants have failed to identify the

state in which plaintiff's principal place of business is located.  Defendants will be given an

opportunity to supplement the record to establish whether removal of this case to federal court

was appropriate on the basis of diversity jurisdiction.

_____

        [1]Some time after the mortgage was executed, defendant Martinson married Carl Green and now
goes by the name Dawn Martinson Green.  For simplicity's sake, I will refer to her as Dawn Martinson.

BACKGROUND

Plaintiff initiated this foreclosure action in the Circuit Court for Douglas County, Wisconsin, on September 21, 2009.  In its complaint, plaintiff asserts that defendant Dawn Martinson failed to comply with the terms of a mortgage note owned by plaintiff by failing to make required payments.  In addition to Martinson, plaintiff named the following as defendants: the unknown spouse of Dawn Martinson; unknown tenants; Advantage Employment Services, LLC; Rex A. Magnuson; and Donna R. Stabs.

The complaint alleged that plaintiff is "a foreign corporation with offices located" in Plano, Texas and defendant Martinson "resides" in Minnesota.  Plaintiff indicated that Advantage Employment Services LLC, Magnuson and Stabs were named as parties because they had civil judgments against Martinson.  Defendants were served a copy of plaintiff's complaint by publication on November 11, 2009.

More than 30 days later, on January 11, 2010, defendant Martinson and her spouse, who identified himself as Carl Green, filed a *pro se* notice of removal under 28 U.S.C. § 1441. Jurisdiction was premised upon 28 U.S.C. § 1332, which provides that a matter may be removed to federal court which exceeds $75,000 and the parties are citizens of different states.   In their notice of removal, defendants asserted that diversity between the parties exists because plaintiff is a foreign corporation incorporated in Texas and defendants Martinson and Green are both citizens of Minnesota.  Defendants asserted that the other named defendants should be disregarded for purposes of diversity jurisdiction on the basis of fraudulent joinder because there is no possibility that plaintiff can maintain a cause of action against them.

2

More than 30 days after defendants filed their notice of removal, on March 31, 2010, plaintiff filed the instant motion to remand.

OPINION

Under 28 U.S.C. §1441(a), any civil action filed in state court over which a federal court would have original jurisdiction may be removed to federal district court.  The procedure for removal is set forth in 28 U.S.C. §1446.  Subject to some exceptions, all defendants must join in a removal petition and any removal motion must be filed within 30 days after receipt of the initial pleading.  28 U.S.C. §1446(b); *Northern Illinois Gas v. Airco Industrial Gases*, 676 F.2d 270, 272 (7th Cir. 1982).  If all defendants do not join in the removal petition, the remaining defendants have the burden of explaining affirmatively why any co-defendants are not included in the petition.  *Northern Illinois Gas*, 676 F.2d at 272.

Once a defendant has filed a notice of removal, the provisions of 28 U.S.C §1447 kick in.  Subsection (c) of 1447 provides in relevant part:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446 (a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

Plaintiff has moved for remand on the ground that defendants' removal notice was defective in two respects: 1) it was not filed within 30 days after the filing of the summons and complaint, as required by 28 U.S.C. § 1446(b); and 2) it was not joined by all defendants. However, plaintiff did not file its motion to remand within the 30 days permitted for the filing of such motions under §1447(c).  As a result, it forfeited its right to seek remand on the ground that defendants did not comply with the removal procedure.  *McMahon v. Bunn-O-Matic Corp.*,

3

150 F.3d 651, 653 (7th Cir. 1998).  By remaining silent during the 30-day statutory window, a party accepts the federal forum; whether intentionally or by forfeiture does not matter.  *In re Continental Casualty Co.*, 29 F.3d 292 (7th Cir. 1994) (district judge may not *sua sponte* remand removed case to state court  because of defects in removal procedure).

In a single sentence in its brief, plaintiff also asserts that "this is not a case of complete diversity, as four of the six defendants are citizens of Wisconsin, where the original action was brought."  Plaintiff appears to be invoking what is known as the "forum defendant rule," set forth in 28 U.S.C. § 1441(b), which provides that a non-federal question case "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  Even if this court were to overlook plaintiff's failure to develop any meaningful argument on this point, plaintiff has forfeited this argument for a different reason: an alleged violation of the forum defendant rule is a nonjurisdictional defect that the plaintiff waives if it fails to file a motion for remand within 30 days after the case is removed to federal court.  *Hurley v. Motor Coach Indus., Inc.*, 222 F.3d 377, 380 (7th Cir. 2000).  Accordingly, plaintiff's undeveloped contention that removal is improper under § 1441(b) fails along with its other procedural objections.

Although plaintiff lost its right to complain of defects in the removal procedure by waiting more than 30 days to file a motion for remand, § 1447(c) makes clear that the court may consider substantive questions about subject matter jurisdiction "at any time."  Accordingly, I have reviewed the complaint and notice of removal to determine whether defendants have met their burden of showing the existence of federal diversity jurisdiction.

4

The amount in controversy is not in dispute and clearly exceeds the jurisdictional minimum.  As for the diversity of the parties, defendants Martinson and Green allege that diversity exists because they are citizens of Minnesota and plaintiff is a "citizen and corporation incorporated under the laws of the State of Plano, TX."  Dkt. 1, ¶ V.  However, under the diversity statute, a corporation is deemed a citizen both of the state in which it is incorporated and the state in which its principal place of business is located. 28 U.S.C. § 1332(c)(1); *Hoagland ex rel. Midwest Transit, Inc. v. Sandberg, Phoenix & Von Gontard, P.C.*, 385 F.3d 737, 741 (7th Cir. 2004).  In the complaint, plaintiff asserts that it "has offices" in Plano, Texas, but it does not indicate where its principal place of business is located.  *Smoot v. Mazda Motors of America, Inc.*, 469 F.3d 675, 677 (7th Cir. 2006) ("The location of a branch office is irrelevant to diversity jurisdiction").  Thus, although it seems likely that Texas is plaintiff's principal place of business, I am unable to draw that conclusion either from the complaint or from defendants' notice of removal.  Defendants will be ordered to provide this information promptly to the court.

With respect to defendants Advantage Employment Services, LLC, Rex A. Magnuson and Donna R. Stabs, defendants Martinson and Green take the position that they are "nominal" parties who may be disregarded for removal purposes.  "A defendant is nominal if there is no reasonable basis for predicting that it will be held liable."  *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 369 (citing 14A Wright, Miller & Cooper § 3731 n. 10.).  Defendants point out that under Wisconsin law, the only defendants indispensable to a foreclosure action are the owners in fee or holders of notes that are due and secured by the mortgage. *Wisconsin Finance Corporation v. Garlock*, 140 Wis. 2d 506, 513, 410 N.W.2d 649, 652 (Ct.App. 1987).  Plaintiff has not alleged that Advantage Employment Services, LLC, Magnuson or Stabs hold any interest secured by the

5

mortgage, but only that they have liens on the subject property by virtue of civil judgments against Martinson, and plaintiff offered no response to defendants' contention that such junior lienholders are not necessary parties to a foreclosure action.  Further, it is plain that plaintiff is not seeking to recover anything from these junior lienholders.  Accordingly, I am satisfied that Advantage Employment Services, LLC, Magnuson and Stabs are nominal parties whose citizenship is disregarded for diversity purposes.

In sum, plaintiff lost its right to raise procedural objections to defendants' notice of removal by failing to raise them within the 30 days allowed by 28 U.S.C. §1447(c).  Assuming defendants can show that plaintiff's principal place of business is located in Texas, diversity jurisdiction exists.

ORDER

IT IS ORDERED that the motion of plaintiff BAC Home Loans Servicing, L.P. to remand this case is DENIED.  Defendants have until August 9, 2010 in which to provide facts showing where plaintiff has its principal place of business.

Entered this 27th day of July, 2010.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge

6