IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BANK OF AMERICA, N.A.,

                        Plaintiff,                        OPINION AND ORDER

    v.

                                                              10-cv-10-wmc

DAWN R. MARTINSON, UNKNOWN
SPOUSE OF DAWN R. MARTINSON *also
known as* Carl Green, UNKNOWN TENANTS,
ADVANTAGE EMPLOYMENT SERVICES
LLC, REX A. MAGNUSON, and DONNA R. STABS,

                        Defendants.

---

      On October 25, 2013, the court presided over a trial to the bench in this action in which plaintiff Bank of America, N.A. seeks to foreclose on a Note executed by Countrywide Bank, FSB and defendant Dawn R. Martinson on November 7, 2007. Consistent with the court's oral ruling from the bench, the court sets forth the following findings of facts and conclusions of law and directs entry of judgment in favor of plaintiff as described below.

BACKGROUND

      On May 23, 2012, the court granted plaintiff's motion for summary judgment, finding that there were no material issues of genuine fact because Bank of America produced Martinson's Note, which contains an endorsement in blank, and that under the UCC as adopted by Wisconsin Court, when a negotiable instrument is endorsed in blank, it is payable to the bearer or physical holder of the instrument. (5/23/12 Op. & Order

(dkt. #46) 5-6 (citing Wis. Stat. §§ 403.205(2), 403.109(3)).) In an opinion dated August 8, 2012, the court, however, vacated its grant of summary judgment after defendants brought to the court's attention that there were two versions of the Note in the record -- one containing an endorsement in blank and one not. (8/8/12 Op. & Order (dkt. #58) 3-6.) The court found that this discrepancy created a genuine issue of material fact as to whether Bank of America was the holder of the actual Note endorsed in blank.

## FINDINGS OF FACTS

At trial, the only issue before the court was whether Bank of America is the valid holder of the endorsed Note or otherwise entitled to foreclose on the Note. All other findings made by the court as part of the summary judgment decision are adopted by reference here. As to this remaining factual issue, the court further finds:

1. Bank of America has established that it is the holder of the actual, original Note. (Pl.'s Ex. 1.)

2. At some unknown point in time, a valid endorsement was made on that Note on behalf of the original lender, Countrywide Bank FSB.

## CONCLUSIONS OF LAW

Wis. Stat. § 403.203(3) provide in pertinent part:

> (3) Unless otherwise agreed, if an instrument is transferred for value and the transferee does not become a holder because of lack of endorsement by the transferor, the transferee has a specifically enforceable right to the unqualified endorsement of the transferor, but negotiation of the instrument does not occur until the endorsement is made.

2

Under this provision, provided the endorsement is authentic, its timing is immaterial. Bank of America demonstrated at summary judgment that the original Note was transferred to it for value and that it had a specifically enforceable right to an unqualified endorsement. At some point either at or before the physical transfer of the Note, or thereafter by virtue of Bank of America's acquisition of BAC Home Loan Servicing, L.P., the Note was validly endorsed in blank.

Even if there were some question as to the authenticity of the Note or its endorsement, Wis. Stat. § 403.301 provides that a "person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument." In *Mitchell Bank v. Shanke*, 2004 WI 13, ¶ 42, 268 Wis. 2d 571, 676 N.W.2d 849, the Supreme Court explained that

> [a] bill or note is not a debt; it is only primary evidence of a debt; and where this is lost, impaired or destroyed bona fide, it may be supplied by secondary evidence. The loss of a bill or note alters not the rights of the owner, but merely renders secondary evidence necessary and proper.

(citation omitted)). Here, it appears the copy of the Note submitted at the time of filing did not contain the appropriate endorsement, but Bank of America has submitted sufficient secondary evidence to establish the underlying debt. Accordingly, the court finds that Bank of America has standing to foreclose on the Note.

In light of all of the above and the court's earlier findings on summary judgment, the court, therefore, finds:

1. That all of the material allegations of the plaintiff's complaint are proven and true.

2. That the following amounts are due to the plaintiff under the terms of the note and mortgage:

| Unpaid Principal Balance | $488,374.25 |
|---|---|
| Accrued Interest | $129,259.01 |
| Late Charges | $279.80 |
| Escrow Advances - Taxes | $65,549.76 |
| Escrow Advances - Insurance | $10,981.09 |
| MIP/PMI Advances | $12,380.16 |
| Service Costs | $543.35 |
| Title Costs | $375.00 |
| Filing Fees | $265.50 |
| Lis Pendens | $20.00 |
| **Total** | **$708,027.92** |

3. That this award does not preclude plaintiff from seeking other sums subsequently advanced by plaintiff for insurance, attorney fees, necessary repairs, taxes and other taxable costs not included in the judgment at any time after entry thereof or on or before confirmation of sale upon the petition of the plaintiff's attorney.[1]

4. That the mortgaged premises are described as follow:

THAT PART OF THE PIECE OR PARCEL OF LAND BEING PART OF SOUTHWEST QUARTER (SW 1/4) OF SECTION SIXTEEN (16), TOWNSHIP FORTY-NINE (49) RANGE FOURTEEN (14), DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT WHICH IS THE SOUTHWEST CORNER OF SAID SECTION AND RUNNING THENCE EASTERLY ALONG THE SOUTH LINE OF SAID SECTION 1822.6 FEET TO THE WEST LINE OF RIGHT-OF-WAY OF THE MINNEAPOLIS, ST. PAUL AND SAULT STE. MARIE RAILWAY COMPANY,

THENCE NORTHERLY ALONG SAID WEST LINE OF RIGHT-OF-WAY 1200 FEET, THENCE WESTERLY PARALLEL WITH THE SOUTH LINE OF SAID SECTION TO THE GOVERNMENT MEANDER LINE ON THE EAST SIDE OF ST. LOUIS RIVER,

---

[1] Based on the record before it, the court finds damages as described in plaintiff's exhibit 2, except for the following four entries: (1) foreclosure fees; (2) bankruptcy fees; (3) property inspection fees; and (4) return payment fee. The court also denies plaintiff's motion for attorney's fees in the amount of $15,773.50 (dkt. #132) at this time because plaintiff's submission fails to establish that these fees are reasonable. Plaintiff is free to resubmit its fee request with detailed billing records, invoices and proof of payment attached to the submission.

THENCE SOUTHWESTERLY ALONG SAID MEANDER LINE TO THE WEST LINE OF SAID SECTION, THENCE SOUTH TO THE PLACE OF BEGINNING, WITH RIPARIAN RIGHTS BELONGING AND APPURTENANT THERETO.

EXCEPT PARTS CONVEYED IN 235 OF DEEDS PAGE 27 DESCRIBED AS FOLLOWS: THOSE PORTIONS OF SECTION SIXTEEN (16), TOWNSHIP FORTY-NINE (49), RANGE FOURTEEN (14), DESCRIBED AS FOLLOWS: COMMENCING AT THE SOUTHWEST CORNER OF SAID SECTION SIXTEEN(16), THENCE EAST 1822.6 FEET ALONG THE SOUTH LINE OF SAID SECTION TO THE WEST LINE OF THE RIGHT OF WAY OF MPLS, ST. PAUL AND S. STE. MARIE RY.; THENCE NORTHERLY ALONG SAID WEST LINE OF SAID RIGHT OF WAY 29.84 FEET; THENCE WESTERLY ALONG THE NORTH LINE OF BELKNAP STREET IN THE CITY OF SUPERIOR, WISCONSIN, 501.42 FEET; THENCE NORTHERLY 296.9 FEET ON A LINE AT AN ANGLE TO THE RIGHT OF 96 DEGREES AND 45 MINUTES; THENCE NORTHWESTERLY 313.15 FEET ON A LINE AT AN ANGLE TO THE LEFT OF 50 DEGREES; THENCE WESTERLY 110.4 FEET ON A LINE AT AN ANGLE TO THE LEFT OF 28 DEGREES TO THE PLACE OF BEGINNING; THENCE SOUTHWESTERLY 249.1 FEET ON A LINE AT AN ANGLE TO THE LEFT OF 84 DEGREES AND 30 MINUTES; THENCE NORTHWESTERLY ON A LINE AT AN ANGLE TO THE RIGHT OF 99 DEGREES TO A POINT WHERE SAID LINE INTERSECTS THE EASTERLY SHORELINE OF ST. LOUIS RIVER; THENCE NORTHWESTERLY, NORTHERLY AND NORTHEASTERLY ALONG SAID SHORELINE TO A POINT ON SAID SHORELINE WHERE A LINE WHICH RUNS NORTHWESTERLY AT AN ANGLE TO THE LEFT OF 77 DEGREES AND 30 MINUTES FROM SAID LINE THAT RUNS SOUTHWESTERLY FROM THE PLACE OF BEGINNING, INTERSECTS SAID SHORELINE; THENCE SOUTHEASTERLY ON A LINE THAT RUNS NORTHWESTERLY AT AN ANGLE TO THE LEFT OF 77 DEGREES AND 30 MINUTES FROM SAID LINE THAT RUNS SOUTHWESTERLY FROM THE PLACE OF BEGINNING, TO THE PLACE OF BEGINNING; AND ALSO THE FOLLOWING DESCRIBED LAND IN SAID SECTION NOW UNDER WATER AND ABUTTING SAID PREMISES, TO-WIT; BEGINNING AT A POINT ON SAID SHORELINE OF ST. LOUIS RIVER WHERE THE NORTHERNMOST OF SAID ABOVE DESCRIBED LINES THAT INTERSECTS SAID SHORELINE; THENCE NORTHWESTERLY ON A STRAIGHT LINE WHICH IS AN EXTENSION OF SAID NORTHERNMOST OF SAID ABOVE DESCRIBED LINES, 10 FEET; THENCE WESTERLY PARALLEL WITH THE SOUTH LINE OF SAID SECTION TO THE ESTABLISHED DOCK LINE IN ST. LOUIS RIVER; THENCE SOUTHERLY ON SAID DOCK LINE TO A POINT WHEREON WHERE A LINE WHICH IS 100 FEET SOUTH OF AND PARALLEL TO SAID ABOVE DESCRIBED LINE WHICH IS PARALLEL TO SAID SOUTH SECTION LINE OF SAID SECTION, INTERSECTS SAID DOCK LINE; THENCE EASTERLY ON A LINE WHICH IS 100 FEET SOUTH AND PARALLEL TO SAID ABOVE-DESCRIBED LINE WHICH IS PARALLEL TO SAID SOUTH SECTION LINE OF SAID SECTION TO A POINT THEREON WHERE A LINE WHICH IS AN EXTENSION IN A STRAIGHT LINE OF THE

SOUTHERNMOST OF THE ABOVE DESCRIBED LINES THAT INTERSECTS SAID SHORELINE, INTERSECTS SAID LINE; THENCE SOUTHEASTERLY ALONG AN EXTENSION IN A STRAIGHT LINE OF THE SOUTHERNMOST OF THE ABOVE DESCRIBED LINES THAT INTERSECTS SAID SHORELINE AND ALONG THE SOUTHERNMOST OF THE ABOVE DESCRIBED LINES THAT INTERSECTS SAID SHORELINE TO SAID SHORELINE OF ST. LOUIS RIVER; THENCE NORTHWESTERLY, NORTHERLY AND NORTHEASTERLY ALONG SAID SHORELINE TO THE PLACE OF BEGINNING.

AND EXCEPT PARTS CONVEYED IN 238 OF DEEDS PAGE 203 DESCRIBED S FOLLOWS: A PIECE OR PARCEL OF LAND BEING A PART OF THE SOUTHWEST QUARTER (SW 1/4) OF SECTION 16, TOWNSHIP 49, RANGE 14 DESCRIBED AS FOLLOWS: BEGINNING AT A POINT ON THE SOUTH LINE OF SAID SECTION 16 LOCATED 1390 FEET WEST OF THE WEST LINE OF THE RIGHT OF WAY OF THE MINNEAPOLIS, ST. PAUL AND SAULT STE. MARIE RAILWAY COMPANY OVER SAID SOUTH LINE; THENCE NORTH AND PARALLEL WITH SAID WEST RIGHT OF WAY LINE 174 FEET; THENCE WEST AND PARALLEL WITH THE SOUGH LINE OF SAID SECTION TO THE WEST LINE OF SAID SECTION; THENCE SOUTH ON THE WEST LINE OF SAID SECTION TO THE SOUTH LINE OF SAID SECTION; THENCE EAST ON THE SOUTH LINE OF SAID SECTION TO THE POINT OF BEGINNING, TOGETHER WITH THE RIPARIAN RIGHTS BELONGING AND APPURTENANT THERETO.

AND EXCEPT PARTS CONVEYED IN 257 OF DEED PAGE 539 DESCRIBED AS FOLLOWS: A PIECE OR PARCEL OF LAND BEING A PART OF THE SOUTHWEST QUARTER (SW 1/4) OF SECTION 16, TOWNSHIP 49, RANGE 14 DESCRIBED AS FOLLOWS: COMMENCING AT A POINT ON THE SOUTH LINE OF SAID SECTION 16, LOCATED 1390 FEET WEST OF THE WEST LINE OF THE RIGHT OF WAY OF MINNEAPOLIS, S. PAUL AND SAULT STE. MARIE RAILWAY COMPANY OVER SAID SOUTH LINE; THENCE NORTH AND PARALLEL WITH SAID WEST RIGHT OF WAY LINE 174 FEET TO POINT OF BEGINNING, SAID POINT OF BEGINNING BEING THE NORTHEAST CORNER OF THE PARCEL OF LAND CONVEYED IN THE DEED RECORDED IN BOOK 238 OF DEEDS, PAGE 203, DOCUMENT NO. 418223 IN THE OFFICE OF THE REGISTER OF DEEDS, DOUGLAS COUNTY, WISCONSIN; THENCE AT AN ANGLE TO THE LEFT OF 83 DEGREES, 45 MINUTES TO THE WEST LINE OF SAID SECTION 16, FORMING THE SOUTH BOUNDARY OF SAID PARCEL; THENCE FROM THE POINT OF BEGINNING AT AN ANGLE OF 42 DEGREES 43 MINUTES TO THE RIGHT FOR A DISTANCE OF 110.0 FEET, THENCE AT AN ANGLE OF 100 DEGREES 00 MINUTES TO THE LEFT 222.4 FEET, THENCE WESTERLY ALONG A LINE PARALLEL WITH THE SOUTH LINE OF SAID SECTION 16 TO THE WEST LINE OF SAID SECTION 16, FORMING THE EAST AND NORTH BOUNDARIES RESPECTIVELY, THE WEST BOUNDARY BEING THE WEST LINE OF SAID SECTION 16; TOGETHER WITH THE RIPARIAN RIGHTS BELONGING AND

APPURTENANT THERETO, SAID PARCEL CONTAINING APPROXIMATELY 1 3/4 ACRES.

AND EXCEPT PARTS CONVEYED IN 257 DEEDS PAGE 620 DESCRIBED AS FOLLOWS: A PIECE OR PARCEL OF LAND BEING A PART OF THE SOUTHWEST QUARTER (SW 1/4) OF SECTION 16, TOWNSHIP 49, RANGE 14, DESCRIBED AS FOLLOWS: COMMENCING AT A POINT ON THE SOUTH LINE OF SAID SECTION 16, LOCATED 1390 FEET WEST OF THE WEST LINE OF THE RIGHT OF WAY OF THE MINNEAPOLIS, ST. PAUL AND ST. STE. MARIE RAILWAY COMPANY, OVER SAID SOUTH LINE; THENCE NORTH AND PARALLEL WITH SAID WEST RIGHT OF WAY LINE A DISTANCE OF 174.0 FEET TO A POINT; THENCE AT AN ANGLE TO THE RIGHT OF 42 DEGREES AND 43 MINUTES FOR A DISTANCE OF 220.0 FEET TO THE POINT OF BEGINNING; THENCE AT AN ANGLE TO THE LEFT OF 90 DEGREES A DISTANCE OF 220 FEET TO A POINT; THENCE WEST ON A LINE PARALLEL TO THE SOUTH LINE OF SAID SECTION 16 TO THE WEST LINE OF SAID SECTION 16 FORMING THE SOUTH BOUNDARY OF SAID PARCEL; THENCE FROM THE POINT OF BEGINNING ON A LINE EXTENDED IN A NORTHEASTERLY DIRECTION A DISTANCE OF 214.4 FEET TO A POINT; THENCE NORTHWESTERLY AT AN ANGLE TO THE LEFT OF 99 DEGREES AND 29 MINUTES A DISTANCE OF 257.0 FEET TO A POINT; THENCE WEST ON A LINE PARALLEL TO THE SOUTH LINE OF SAID SECTION 16 TO THE ESTABLISHED DOCK LINE IN THE ST. LOUIS RIVER, FORMING THE EAST AND NORTH BOUNDARY OF SAID PARCEL; THE WEST AND PART OF THE SOUTH BOUNDARY LINE OF SAID PARCEL BEING THE SAID DOCK LINE AND THE NORTH LINE OF LOT 1, SECTION 17, TOWNSHIP 49, RANGE 14, SAID GRANTORS, HOWEVER, RESERVING TO THEMSELVES, THEIR HEIRS AND ASSIGNS ANY AND ALL RIPARIAN RIGHTS TO ALL OTHER LANDS IN SAID SECTION WHICH ARE NOW UNDER WATER AND ABUT SAID ABOVE DESCRIBED TRACTS OF LAND WHICH ARE NOT HEREINABOVE CONVEYED.

AND EXCEPT PARTS CONVEYED IN 265 DEEDS PAGE 239 DESCRIBED AS FOLLOWS: A PIECE OR PARCEL OF LAND BEING A PART OF THE SOUTHWEST QUARTER (SW 1/4) OF SECTION SIXTEEN (16), TOWNSHIP FORTY-NINE (49), RANGE FOURTEEN (14), DESCRIBED AS FOLLOWS:

COMMENCING AT A POINT ON THE SOUTH LINE OF SAID SECTION 16, LOCATED 1390 FEET WEST OF THE WEST LINE OF THE RIGHT OF WAY OF MINNEAPOLIS, ST. PAUL AND SAULT STE. MARIE RAILWAY COMPANY OVER SAID SOUTH LINE; THENCE NORTH AND PARALLEL WITH SAID WEST RIGHT OF WAY LINE 174 FEET TO A POINT; THENCE AT AN ANGLE TO THE RIGHT OF 42 DEGREES 43 MINUTES FOR A DISTANCE OF 110.0 FEET TO THE POINT OF BEGINNING, BEING THE FURTHEST EAST CORNER OF THE PARCEL OF LAND CONVEYED IN THE DEED RECORDED IN BOOK 257 OF DEEDS, PAGE 539, DOCUMENT NO. 441391, IN THE OFFICE OF THE REGISTER OF DEEDS,

DOUGLAS COUNTY, WISCONSIN; THENCE AT AN ANGLE TO THE LEFT OF 100 DEGREES FOR A DISTANCE OF 222.4 FEET; THENCE WESTERLY ALONG A LINE PARALLEL WITH THE SOUTH LINE OF SAID SECTION 16 TO THE WEST LINE OF SAID SECTION 16, FORMING THE SOUTH BOUNDARY OF SAID PARCEL; THENCE FROM THE POINT OF BEGINNING A DISTANCE OF 110.0 FEET TO A POINT; THENCE AT AN ANGLE TO THE LEFT OF 90 DEGREES FOR A DISTANCE OF 220.0 FEET; THENCE WESTERLY ALONG A LINE PARALLEL WITH THE SOUTH LINE OF SAID SECTION 16 TO THE WEST LINE OF SAID SECTION 16, FORMING THE EAST AND NORTH BOUNDARIES RESPECTIVELY, THE WEST BOUNDARY BEING THE WEST LINE OF SAID SECTION 16, TOGETHER WITH THE RIPARIAN RIGHTS BELONGING AND APPURTENANT THERETO, SAID PARCEL CONTAINING APPROXIMATELY 1-2/3 ACRES.

AND EXCEPT THOSE PARCELS DESCRIBED IN CERTIFIED SURVEY MAP #471 FILED IN VOLUME 3 OF CERTIFIED SURVEY MAPS PAGES 150-151. LYIN SOUTHWESTERLY OF THE FOLLOWING DESCRIBED LINE: BEGINNING AT THE SOUTHEAST CORNER OF THE ABOVE DESCRIBED PARCEL, THENCE COMMENCING NORTHERLY ON THE EASTERN BOUNDARY OF THE ABOVE DESCRIBED PARCEL 210.00 FEET TO THE POINT OF BEGINNING; THENCE DEFLECTING TO THE LEFT 42 DEGREES 24 MINUTES AND 44 SECONDS A DISTANCE OF 550 FEET MORE OR LESS AND THERE TERMINATING AT THE ST. LOUIS BAY, DOUGLAS COUNTY, WISCONSIN.

5. That the mortgaged premises is not the homestead of the mortgagor and cannot be sold in parcels without injury to the interests of the parties and the described premises, unless sooner redeemed as provided by law, be sold at public auction in Douglas County under the direction of the Sheriff at any time after three months from the date of entry of judgment in the manner provided by law for the amounts due the plaintiff.

6. That after deducting the fees and expenses of sale, the proceeds of sale shall first be applied to the amounts due plaintiff, together with interest per annum at the current rate of 6.87500, from the date of the hearing through the date of confirmation of sheriff's sale, and that the surplus, if any, shall be paid to the defendants in accordance with their rights.

7. That after the sheriff sale, the sheriff shall make due report thereof to the Court as provided by law, and the purchaser shall be deemed the owner of the premises upon the signing of an order confirming the sale to said purchaser, and all parties to this action or other persons securing possession after the date the *lis pendens* was recorded shall deliver possession to said purchaser.

8. That no deficiency judgment may be obtained against any defendant.

9. That all parties and all persons claiming under are enjoined from committing waste upon the premises.

10. That the plaintiff may take all necessary steps to secure and winterize the subject property in the event it is abandoned by the defendants and becomes unoccupied during the redemption period or until such time as this matter is concluded.

11. That this is a final order for purposes of appeal.

## ORDER

IT IS ORDERED that:

1) Plaintiff Bank of America's motion for attorney's fees (dkt. #132) is DENIED without prejudice to refiling; and

2) the clerk of the court enter judgment in favor of plaintiff Bank of America, N.A. as described above.

Entered this 8th day of November, 2013.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge